## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN WILLIAM SMITH, JR.,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:23-cv-00880** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **WASHINGTON COUNTY,** | : | |
| **MARYLAND,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> Petitioner John William Smith, Jr. ("Petitioner"), a state prisoner incarcerated at State Correctional Institution in Waymart, Pennsylvania ("SCI Waymart"), has petitioned this Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241") in connection with a detainer that was lodged against him by the State of Maryland. (Doc. No. 1.) Because Petitioner has not yet been prosecuted on his Maryland charges, he claims that the delay in his prosecution violates the Interstate Agreement on Detainers and his right to a speedy trial. (<u>Id.</u> at 2, 6.) As for relief, he seeks to have the detainer vacated and to have the pending Maryland charges dismissed. (<u>Id.</u> at 7.) For the reasons set forth below, the Court lacks jurisdiction to consider the petition and, thus, the Court will transfer this action to the United States District Court for the District of Maryland.

## I.     BACKGROUND

On May 30, 2023, Petitioner filed the instant Section 2241 petition. (Doc. No. 1.)  In response, this Court issued an Administrative Order directing Petitioner to either pay the requisite filing fee or complete and sign the appropriate application to proceed in forma pauperis. (Doc. No. 3.)  On June 13, 2023, Petitioner complied with that Order and paid the requisite filing fee.  Having received that fee, the petition is ripe for preliminary review.

## II.    LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See 28 U.S.C. § 2254, Rule 4.  District courts have the discretion to apply Rule 4 to habeas corpus petitions filed pursuant to Section 2241. See 28 U.S.C. § 2254, Rule 1.

## III.   DISCUSSION

A Section 2241 petition is the proper means for a state prisoner to challenge the validity of a detainer issued against him by another state.  See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488–93 (1973).  Generally speaking, a Section 2241 petitioner is required to address his petition to "the person who has custody over him[.]"  See 28 U.S.C. § 2242.  This is commonly referred to as the "immediate custodian rule[,]" and it confirms that "the proper respondent is the warden of the facility where the prisoner is being held. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017) (stating that this is "the default rule" where the petitioner challenges his "present physical confinement" (citation and internal quotation marks omitted)); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held . . . " (citations omitted)).

"The logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body."  Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 444 (3d Cir. 2021) (citations and internal quotation marks omitted); Braden, 410 U.S. at 494–95 (stating that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person

who holds him in what is alleged to be unlawful custody" (citing Wales v. Whitney, 114 U.S. 564, 574 (1885))).

As a result, a Section 2241 petitioner who challenges his present physical confinement must file his petition in his district of confinement.  See Rumsfeld, 542 U.S. at 443 (stating that "[t]he plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); see also 28 U.S.C. § 2241(a) (providing that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions").  Consequently, in traditional habeas challenges to present physical confinement, "district courts may only grant habeas relief against custodians 'within their respective jurisdictions.'"  See Bruce, 868 F.3d at 178 (citations omitted).

However, where a Section 2241 petitioner "challenges a form of 'custody' other than [his] present physical confinement[,]" he "may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"  See Rumsfeld, 542 U.S. at 438 (pointing to Braden, but also explaining that "nothing in [that decision] supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement" (citations omitted)); Sandy v. United States, No. 21-1701, 2023 WL 1463386, at *1 (3d Cir.

4

Feb. 2, 2023) (unpublished) (drawing this distinction between traditional habeas challenges to present physical confinement and habeas challenges to other forms of "custody" (citation omitted)).

Here, Petitioner does not assert a traditional habeas challenge to his present physical confinement at SCI Waymart.  See (Doc. No. 1).  Instead, he seeks to attack the validity of the detainer that has been lodged against him in the State of Maryland.  (Id. at 6; id. at 7 (containing his petition, wherein he seeks to "[v]acate/[t]erminate the [d]etainer" and dismiss the "indictment with prejudice . . . ").)[1]  As a result, the proper respondent is not Petitioner's immediate custodian in Pennsylvania, but "the entity or person who exercises legal control" with respect to the detainer in Maryland.  See Braden, 410 U.S. at 493–500 (concluding that the Section 2241 petitioner was not contesting the validity of his confinement in Alabama, but instead, was challenging a detainer lodged against him in Kentucky state court and, thus, the petitioner was "in custody" in Kentucky and the proper respondent was the Kentucky state court).

Thus, to the extent that "concurrent habeas corpus jurisdiction" exists over Petitioner's claim, the Court finds that this forum (i.e., the district of confinement) is not "as convenient as the district court in the State which has lodged the detainer."

---

[1]  To be clear, Petitioner does not assert any allegations that the detainer is having an effect on his confinement in Pennsylvania.

<u>See</u> <u>id.</u> at 499 n.15. Indeed, although Petitioner is confined, here, in the Commonwealth of Pennsylvania, the gravamen of his dispute rests with the State of Maryland. <u>See</u> <u>id.</u> at 498–99 (explaining that "[i]n such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of prisoner's attack on the detainer"); <u>Clemons v. Jamison</u>, No. 22-cv-01367, 2022 WL 5238117, at *2 (M.D. Pa. Sept. 29, 2022) (stating as follows: "[p]etitioner is solely challenging the legality of a detainer issued by the State of Ohio[ and, thus,] the United States District Court for the District of Ohio is the proper forum within which to attack the legality of a detainer issued by the State of Ohio and also to answer the question of whether [petitioner] has exhausted any remedies available to him under Ohio state law").

Accordingly, for all of these reasons, and in the interest of justice, the Court will direct the Clerk of Court to transfer this action to the United States District Court for the District of Maryland. <u>See</u> 28 U.S.C. § 1404(a) (stating that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought . . . "); <u>Braden</u>, 410 U.S. at 499 n.15 (noting that "[w]here a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum" (citing, in part, 28 U.S.C. § 1404(a)); <u>see also</u> 28 U.S.C. § 1631 (stating that "[w]henever a civil

action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . .").

## IV.    CONCLUSION

Accordingly, for all of the foregoing reasons, the Court will direct the Clerk of Court to transfer this action to the United States District Court for the District of Maryland.  An appropriate Order follows.

Dated: July 13, 2023                                    s/ Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge