IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JOHN WILLIAMS SMITH, JR.,      )<br><br>      Petitioner,        )<br><br>v.                   )<br><br>WASHINGTON COUNTY MARYLAND,  )<br>and<br>ATTORNEY GENERAL for the    )<br>STATE OF MARYLAND,      )<br><br>      Respondents.      ) | Civil Action No.: 1:23-cv-1896-LKG<br><br>Dated: June 10, 2026 |

USDC - GREENBELT
'26 JUN 10 PM 4:50

**MEMORANDUM AND ORDER**

The above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania by self-represented Petitioner John Williams Smith, Jr., who is incarcerated at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"). ECF No. 1. Because the subject of the Petition is a detainer lodged against Smith by the State of Maryland, the case was transferred to the District of Maryland where Respondents were directed to answer the allegations in the Petition. ECF Nos. 4-5, 8. Respondents filed their Answer to the Petition, and Smith filed a "Traverse," which is construed as an opposition response to the Answer. ECF Nos. 11-12.

At issue in the Petition is a detainer lodged with SCI-Waymart related to charges filed in the District Court for Washington County, Maryland, Case No. D-112-CR-22-005097, for which an arrest warrant was issued on September 24, 2022. ECF No. 1 at 2, 6. Invoking Article III of the Interstate Agreement on Detainers Act ("IADA"), Smith argues that the detainer should be vacated or terminated or "render detainer without force and effect dismissing the same indictment with prejudice" because it is in violation of the IADA's requirement that he be brought to trial within 180 days of the date of the warrant. *Id.* at 6-7.

The Interstate Agreement on Detainers Act ("IADA") is an agreement among 48 states, the District of Columbia, and the United States that "creates uniform procedures for lodging and executing a detainer." *Alabama v. Bozeman*, 533 U.S. 148, 148 (2001). It further "enables a participating [state] to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." *See Reed v. Farley*, 512 U.S. 339, 341 (1994). The IADA was designed, in part, to protect prisoners against whom detainers are issued from being denied prison privileges and rehabilitation efforts, *see United States v. Mauro*, 436 U.S. 340, 353 (1978), and creates uniform procedures for resolving one State's pending charges against an individual imprisoned by another State, *see id.* at 355; *Bozeman*, 533 U.S. at 148. Article III extends to prisoners against whom a detainer is lodged the right to demand final disposition on the pending charges within 180 days of release to the charging jurisdiction unless good cause exists for a continuance. The demand requires the prisoner against whom the detainer for an untried indictment, information, or complaint is lodged to deliver the demand to be brought to trial to the prosecutor and it must be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served and other relevant information regarding his or her current imprisonment. While the IADA comprises federal law subject to federal construction, *see Carchman v. Nash*, 473 U.S. 716, 719 (1985); *Cuyler v. Adams*, 449 U.S. 433, 438 (1981), the Fourth Circuit along with the First, Second, Sixth, Eighth and Tenth circuits have concluded that IADA claims "do not constitute fundamental defects and are not generally cognizable under federal habeas corpus provisions absent a showing of prejudice." *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985).

In their Answer, Respondents argue that the Petition should be dismissed because Smith failed to exhaust his state remedies and because the Petition is without merit. ECF No. 11. Specifically, Respondents argue that Smith failed to allege that he "filed a habeas corpus petition, or any court action, in Maryland State court before filing this instant Petition," and that he "does not allege that he has sent an IAD request to the Washington County State's Attorney or Washington County District Court to address it." ECF No. 11 at 4, 9. Smith responded in opposition, arguing, in part, that he was not required to exhaust state remedies because he followed the requirements of the United States District Court for the Middle

District of Pennsylvania. ECF No. 12 at 5-8. He further argues that he followed all requirements of the IADA. *Id.*

Review of the Maryland Judiciary Case Search confirms that an arrest warrant was issued for Smith in the District Court for Washington County, Maryland on September 24, 2022, in Case No. D-112-CR-22-005097. *See* https://casesearch.courts.state.md.us/casesearch (last visited June 3, 2026). Smith had his initial appearance in that case on June 4, 2024 and a preliminary hearing on June 11, 2024. *Id.* A criminal information was filed on June 12, 2024, and the case was forwarded to the Circuit Court for Washington County on June 13, 2024 and assigned Case No. C-21-CR-24-000291. *Id.* On October 28, 2024, Smith was found guilty of two counts of third-degree sexual offense after a jury trial. *Id.* As Smith has been brought to Maryland to face the charges underlying the detainer at issue in the Petition, he has received at least part of the relief sought in the Petition. To the extent that Smith contends that his conviction is illegal, he must challenge the conviction by way of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]

Smith's claim that the IADA was violated when he was not brought to trial within 180 days of the date an arrest warrant was issued, entitles him to dismissal of the underlying charges is without merit. An arrest warrant alone is insufficient to invoke the IADA provisions for 180 day trial. *See United States v. Bottoms*, 755 F.2d 1349, 1350 (9th Cir. 1985) (holding "arrest warrant" does not qualify as "untried indictment, information, and complaint" as used in IADA), *see also Locklear v. Commonwealth*, 7 Va. App. 659, 664, 376 S.E.2d 793, 796-7 (1989) (same), *compare State v. Smith*, 316 Md. 223, 230, 557 A.2d 1343, 1347 (1989) (holding arrest warrant coupled with statement of charges is enough to invoke IADA provisions). The charges underlying the detainer in this case have now been adjudicated, which means any detainer lodged with Pennsylvania officials is not subject to the IADA and will remain in effect to ensure Smith is transported to Maryland to serve the

---

[1]    Smith is reminded that he may only seek federal habeas relief in connection with his state conviction *after* he has exhausted all state remedies for every federal claim he wishes to raise. Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

sentence imposed by the Circuit Court for Washington County.  Even if the Petition included sufficient information to allege a violation of the IADA, no prejudice is alleged.  As such, the Petition will be dismissed.

Accordingly, it is this 10th day of June, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  The Petition for Writ of Habeas Corpus is DISMISSED;

2.  The Clerk SHALL PROVIDE a copy of this Order to Smith; and

3.  The Clerk SHALL CLOSE this case.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
United States District Judge